# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GWENDOLYN LEE FERGUSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-0386** |
| **THE HOME DEPOT, INC.** | **SECTION "K"(1)** |

## ORDER AND OPINION

Before the Court is the "Motion for Summary Judgment" filed on behalf of defendant Home Depot U.S.A., Inc. (Doc. 13). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **DENIES** the motion.

### BACKGROUND

Gwendolyn Lee Ferguson, Rodney Ferguson, her husband, and their son were customers at a Home Depot store on the 1-10 Service Road in New Orleans. Ms. Ferguson's husband was talking to John Brown, a Home Depot store employee, in an aisle where boards were vertically racked. Mrs. Ferguson and her son were also in that aisle during Mr. Ferguson's conversation with Mr. Brown, While Mr. Ferguson was talking with Mr. Brown, a 2 x 14 board fell from the vertical rack onto Mrs. Ferguson's shoulder, and she sustained injuries. The Home Depot manager completed an accident report for the incident.

Thereafter Mrs. Ferguson filed suit in state court against Home Depot U.S.A., Inc. d/b/a The Home Depot, ("Home Depot"), among others,[1] alleging that Home Depot acted negligently in a number of respects, that Home Depot was strictly liable for her damages, and that the doctrine of

---

[1] Plaintiff also named as defendants The Home Depot, Inc. and ABC Insurance Company. Plaintiff has since dismissed The Home Depot, Inc.

*res ipsa loquitur* applied. Home Depot removed the suit to federal court based on diversity jurisdiction.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law" Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986))). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. at 588, 106 S.Ct. at 1356-57. Finally, this Court notes that the substantive law determines materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Home Depot seeks summary judgement contending that plaintiff cannot satisfy her burden of proof to establish the negligence of Home Depot. Because jurisdiction over plaintiff's claim is grounded upon diversity of citizenship, the Court is *Erie*[2] bound to apply Louisiana law in analyzing plaintiff's negligence claim Under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Rev. Stat. 9:2800.6A.[3] In *Davis v. Wal-Mart Stores, Inc.,* 774 So.2d 84, 90 (La. 2000)**,** the Louisiana Supreme Court analyzed the standard to be applied in a "falling merchandise" cases under R.S. 9:2800.6(A), stating:

> the standard is that the merchant must use reasonable care to keep its aisles, passageways and floors in a reasonably safe condition and free of hazards which may cause injury. Further, a plaintiff who is injured by falling merchandise must prove even by circumstantial evidence, that a premise hazard existed. Once a plaintiff proves a prima facie premise hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures.
>
> To prevail in a falling merchandise case, the customer must demonstrate that (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, *and* (3) that the merchant's negligence was the cause of the accident: the customer must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually it does fall. Only when the customer has negated the first two possibilities *and* demonstrated the

---

[2] *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 83 L.Ed.2d 1188 (1938).

[3] La. Rev. Stat. 9:2800.6B imposes a heightened burden on merchants under circumstances not presented herein; it applies only in situations involving a "fall" by a customer. *Davis v. Wal-Mart Stores, Inc.*, 774 So.2d 86, 90 (La. 2000).

last will he or she have proved the existence of an "unreasonably dangerous" condition on the merchant's property.

*Id*. at 90 (internal quotation anc citation omitted).

*Davis* makes it clear that to prevail in a falling merchandise case the plaintiff must prove all three elements of the claim, i.e., that she did not cause the merchandise to fall, that another customer in the aisle at that moment did not cause the merchandise to fall, and that the merchant's negligence was the cause of the accident. Defendant concedes that there is a genuine issue of material fact as to whether plaintiff caused the board to fall and whether plaintiff's son or another customer in the aisle at that time caused the board to fall. However, defendant asserts that it is entitled to summary judgment because there is no evidence that its negligence caused the accident.

"The mere fact that merchandise falls is not sufficient to prove the negligence of the defendant." *Id.* at 91. To establish defendant's negligence, plaintiff submits her own affidavit which states in pertinent part that shortly after the accident two Home Depot employees "said the cable that goes across the display to prevent the lumber from falling, was placed too high to hold boards of the length properly and prevent them from falling. They also said, the lumber was evidently improperly placed for it to have fallen." Doc. 14-1, Ex. 1. Defendant asserts that the cited statements in plaintiff's affidavit cannot be relied upon in analyzing the motion because plaintiff's recitation of what the Home Depot employees allegedly told her constitutes hearsay.

In addressing a motion for summary judgment, only materials that would have been admissible evidence may be considered. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995). Plaintiff's statements in her affidavit concerning what she was told by Home Depot employees following the accident do not qualify as hearsay. The statements attributed to the Home Depot employees constitute admission by a party-opponent, and as such, pursuant to Rule 801(d)(2) of

4

the Federal Rules of Evidence the statements do not constitute hearsay. Therefore, those challenged statements in plaintiff's affidavit may be considered in determining whether there is a genuine issue of material fact concerning defendant's negligence. The same reasoning applies to Rodney Ferguson's deposition testimony that Home Depot employees told him "that the cable stretched across there was too high, you know, and [the employees] pointed it out to us. It was too high to stop some of the shorter boards from falling." Doc. 13-2, Exhibit 2, p. 19.

The alleged statements by Home Depot employees that "the lumber was evidently improperly placed for it to have fallen" and that "the cable that goes across the display to prevent the lumber from falling, was placed too high to hold boards of the length properly and prevent them from falling" support a conclusion that the board that fell was in a precarious position which allowed it to fall and that the cable intended to prevent the boards from falling was too high to prevent the boards from falling. That evidence is sufficient to create a genuine issue of material fact with respect to Home Depot's negligence. Accordingly, defendant's motion for summary judgment is DENIED.

New Orleans, Louisiana, this 2nd day of September, 2010.

```
                              _____
                                  STANWOOD R. DUVAL, JR.
                                UNITED STATES DISTRICT JUDGE
```